UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-60314-CIV-SEITZ/O'SULLIVAN

EUGENE J. STRASSER, MD, P.A.,

          Plaintiff,

v.

NATIONWIDE MUTUAL
INSURANCE COMPANY,

          Defendant.
_____/

## ORDER GRANTING MOTION IN LIMINE

THIS MATTER is before the Court on the Defendant's Motion in Limine [DE-82], seeking to exclude evidence relating to the cost of "matching.[1]" At the February 11, 2010 Pretrial Conference, the Court ordered the parties to submit memoranda of law addressing the policy language and law regarding an insurer's obligation to match. The parties have submitted their memorandum [DE-95 & 96].[2] Based on the policy language, lack of applicable statute, and the case law, Defendant does not have a duty to match. The insurance policy provides Defendant with the unambiguous right to elect to pay the value of lost or damaged property. Defendant made that election.

---

[1] Plaintiff argues that under the policy it is entitled to have damaged granite tiles that cover the facade of the building replaced with granite tiles that match the undamaged tiles. If a match is not possible, then it is entitled to have all of the granite tiles replaced. Defendant asserts that the policy does not require it to match.

[2] In its memorandum, defense counsel spends nearly as much time attacking the drafting skills of Plaintiff's counsel as he spends addressing the legal arguments. Such behavior is inappropriate, unprofessional, and beneath the dignity of this Court and those who practice before it. The Court cautions counsel that if such behavior continues, in filings or during the course of the trial, the Court will impose sanctions.

In its memorandum, Plaintiff cites to Florida Statute § 626.9744, which requires an insurer to match under homeowner's policies. However, the policy at issue in this case is not a homeowner's policy; it is a commercial policy. Thus, the statute is inapplicable. Plaintiff argues that based on the language of § 626.9744, a commercial policy requires an insurer to do what is reasonable. However, there is nothing in the language of the statute that supports this conclusion and Plaintiff has provided no other support for this assertion. Further, Defendant has provided, as an attachment to its memoranda, an earlier version of the bill that ultimately became, in part, § 626.9744. The earlier version, in its introduction, referred to § 626.9744 as applying to residential and commercial property insurance. Thus, the omission of commercial insurance in the final version of the statute indicates that the legislature intended to omit commercial properties from the coverage of this section.

Plaintiff also cites to several cases to support its argument that it is entitled to matching. However, the cases cited are not on point and do not support Plaintiff's position. *Three Palm Pointe, Inc. v. State Farm Fire & Casualty Co.*, 362 F.3d 1317 (11th Cir. 2004), simply dealt with an insurer's ability to challenge an award after an appraisal process. In *Northbrook Property & Casualty Insurance Co. v. R & J Crane Service, Inc.*, 765 So. 2d 836 (Fla. 4th DCA 2000), the court held that it had to interpret the policy in light of existing statutes and regulations governing the subject of the policy. Plaintiff has provided no statutes or regulations which would alter the plain meaning of the insurance policy. The last Florida case Plaintiff cited, *Azalea, Ltd. v. American States Insurance Co.*, 656 So. 2d 600 (Fla. 1st DCA 1995), addressed what constituted a direct physical loss under the policy, which is not at issue in this matter. Thus,

none of the cases Plaintiff cited stand for the proposition that Defendant has an obligation under the policy to match.

Finally, the policy language clearly gives Defendant the option to:

(1) Pay the value of lost or damaged property;
(2) Pay the cost of repairing or replacing the lost or damaged property;
(3) Take all or any part of the property at an agreed or appraised value; or
(4) Repair, rebuild or replace the property with property of like kind and quality . . .

[Business Owners Special Property Coverage Form, Section E Property Loss Conditions, Subsection 6 Loss Payment filed at DE-83-1, p. 47.] Defendant has chosen the first option. Only the last option, which would require Defendant to make the repairs itself, which it has not done, requires that Defendant match. Thus, Plaintiff has not established that it is entitled to matching. Accordingly, it is hereby

ORDERED that Defendant's Motion in Limine [DE-82], seeking to exclude evidence relating to the cost of "matching," is GRANTED. Plaintiff shall not present evidence at trial regarding the cost of matching the undamaged granite on the exterior of the building.

DONE AND ORDERED in Miami, Florida, this 19 day of February, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record

3